NOT DESIGNATED FOR PUBLICATION

No. 115,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICARDO ROSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed December 23, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., PIERRON and MALONE, JJ.

*Per Curiam*: Ricardo Rosas appeals the district court's decision revoking and reinstating his probation, including a 2-day jail sanction and an order requiring Rosas to complete the residential program. We granted Rosas' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On May 7, 2015, Rosas pled guilty to two counts of burglary of a dwelling. On June 15, 2015, the district court imposed a controlling sentence of 24 months' imprisonment but granted probation with court services for 24 months.

1

At a hearing on February 10, 2016, Rosas stipulated to violating his probation by failing to pay court costs and by testing positive for marijuana. The district court revoked, reinstated, and extended Rosas' probation for 24 months and ordered him to serve a 2-day jail sanction for the violations. The district court also ordered Rosas to complete the program at the residential center. Rosas timely appealed.

On appeal, Rosas claims that the district court "abused its discretion by ordering the two-day 'dip' and requiring Mr. Rosas to attend the residential center." Rosas acknowledges that upon violation of probation, the district court may reinstate and modify the conditions of probation, including jail sanctions.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court was authorized to impose either a 2- or 3-day intermediate sanction and modify the conditions of Rosas' probation as a result of his violations. See K.S.A. 2015 Supp. 22-3716(c)(1)(B). The district court listened to Rosas' argument prior to imposing the 2-day sanction. The judge indicated that the residential center was an appropriate condition of probation as Rosas was young, without children to care for, and simply needed a place to get himself together.

2

The district court's decision to reinstate Rosas' probation with the 2-day sanction and the order for placement at the residential center was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking and reinstating Rosas' probation. We decline to address the State's argument that the order for the 2-day jail sanction is moot because Rosas has served the sanction.

Affirmed.